IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA J. POWELL,<br><br>　　　　Plaintiff,<br>　　v.<br><br>LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON,<br><br>　　　　Defendant<br>　　　　　　　　　　　　　　　　　　　　　／ | No. C-06-4328 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

　　　　Before the Court is defendant Liberty Life Assurance Company of Boston's motion, filed July 28, 2006, to dismiss plaintiff Dayna J. Powell's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for September 29, 2006, and rules as follows.

　　　　Plaintiff alleges that in 2000, she submitted to defendant a claim for disability benefits, which defendant initially paid. Plaintiff further alleges that on July 19, 2001, defendant notified her that it was terminating her benefits, and thereafter, on August 22, 2001, notified her that it had denied her appeal from the decision to terminate benefits. In the instant complaint, filed May 16, 2006, plaintiff alleges such termination of benefits constitutes a breach of contract, a breach of the implied covenant of good faith and fair

dealing, and an unfair business practice. Defendant moves to dismiss plaintiff's claims on the ground they are barred by the applicable statutes of limitations.

Plaintiff's breach of contract and unfair business practices claims are subject to a four-year statute of limitations. See Cal. Code Civ. Proc. § 337 (providing action on written contract must be commenced within four years of accrual of claim); Cal. Bus. & Prof. Code § 17208 (providing action alleging unfair business practices must be commenced within four years of accrual of claim). Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, to the extent plaintiff elects to proceed under a contract theory, is subject to a four-year statute of limitations, see Frazier v. Metropolitan Life Ins. Co., 169 Cal. App. 3d 90, 101-02 (1985), and, to the extent plaintiff elects to proceed under a tort theory, is subject to a two-year statute of limitations, see id. at 106; see also id. at 101 (holding action against insurer for breach of covenant "sounds in contract as well as tort, and plaintiff is at liberty to make an election"). As defendant points out, plaintiff's claims accrued no later than August 22, 2001, when defendant denied plaintiff's appeal from its decision to terminate payment of benefits. See id. at 103 (holding claim for breach of contract under insurance policy accrues when claim denied by defendant).[1] Because plaintiff filed the instant complaint more than four years after August 22, 2001, each of plaintiff's claims is untimely.

Plaintiff argues that her claims are not subject to dismissal. Specifically, plaintiff contends that the following allegation in her complaint, if proven, is sufficient to estop defendant from relying on the defense of the statute of limitations: "After receiving the letter denying her appeal, [plaintiff] spoke to Mandy Matheson, disability case manager for [defendant]. At that time, Ms. Matheson told [plaintiff] that her claim for disability benefits could not be resolved in her favor until her worker's compensation claim was resolved in her favor. [Plaintiff's] worker's compensation claim was resolved on July 30, 2004." (See Compl. ¶ 12.) According to plaintiff, such representation was "false at the time it was

---

[1] Arguably, plaintiff's claims accrued on July 19, 2001, when defendant informed plaintiff it was terminating her benefits.

made," defendant knew the representation was false, and defendant intended that plaintiff rely on the representation to "prevent [plaintiff] from filing a lawsuit until [defendant] could argue that the statute of limitations had run." (See Compl. ¶ 14.)  Although the complaint does not allege why the above-referenced representation was false, in her opposition plaintiff asserts the representation was false because defendant "did not have to wait for the outcome of [plaintiff's] worker's compensation claim in order to decide whether it would resolve the disability claim in [plaintiff's] favor, or close [plaintiff's] file and take no further action on her claim." (See Pl.'s Mem. of P. & A. in Support of Her Opp. to Def.'s Mot. to Dismiss at 4:21-23.)

"Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." Driscoll v. City of Los Angeles, 67 Cal. 2d 297, 305 (1967).

Here, plaintiff's theory is that defendant knew it could close plaintiff's file without waiting for the outcome of an apparently then-pending claim by plaintiff for worker's compensation benefits, and that had plaintiff known defendant could close her file without waiting for such outcome, she would have filed a timely lawsuit against defendant.  This theory is untenable in light of plaintiff's allegation that she was advised by defendant, prior to the time defendant allegedly made the above-referenced representation, that plaintiff's claim for benefits had been denied and that her subsequent appeal from the denial had been denied, (see Compl. ¶¶ 10-11), i.e., that her claim was closed.  Defendant's asserted post-denial representation did not include any language that would have indicated to plaintiff that the prior denial of her claim had been set aside or was otherwise ineffective. See, e.g., Singh v. Allstate Ins. Co., 63 Cal. App. 4th 135, 143-44 (1998) (holding limitations period not tolled during period insurer acted on insured's request to reconsider unequivocal denial; distinguishing Walker v. American Bankers Ins., 108 Nev. 533 (1992),

3

wherein insurer, after denying claim, reopened file before statute of limitations had run).

Consequently, plaintiff has failed to allege a cognizable ground for avoiding the defense of the statute of limitations and, in her opposition, has failed to set forth how her complaint could be amended to enable her to do so.

Accordingly, defendant is entitled to dismissal of plaintiff's complaint.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: September 25, 2006

MAXINE M. CHESNEY
United States District Judge